IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOWARD WILSON, F-57598 ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> G. SWARTHOUT, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. C 10-4157 CRB (PR) <br><br> ORDER REOPENING <br> CASE AND TO SHOW <br> CAUSE |

      Petitioner, a state prisoner incarcerated at California State Prison, Solano, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from San Francisco County Superior Court.  He also moved for a stay so he could exhaust claims of ineffective assistance of counsel.

      Per order filed on February 15, 2011, the court granted the motion to stay proceedings and instructed the clerk to administratively close the case until petitioner exhausts his claims of ineffective assistance of counsel and moves to reopen the case and lift the court's stay.  Petitioner recently filed a First Amended Petition (FAP) making clear that he has now exhausted his claims of ineffective assistance of counsel.  Good cause therefor, the FAP is construed in part as a motion to reopen the case and lift the court's stay and is granted.

**BACKGROUND**

Petitioner and co-defendant Emmitt T. Lewis were convicted by a jury of first degree murder and second degree robbery. On January 22, 2007, petitioner was sentenced to 25 years to life in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, and unsuccessfully sought collateral relief from the state courts. On April 20, 2011, the Supreme Court of California denied his final petition for a writ of habeas corpus.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) trial court erred in failing to instruct the jury on second degree murder; (2) ineffective assistance of trial counsel for failing to investigate third-party culpability evidence; and (3) ineffective assistance of appellate counsel for failing to raise claim of ineffective assistance of counsel on appeal.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve a copy of this order and the FAP and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

/

/

/

1  4. Petitioner is reminded that all communications with the court must
2 be served on respondent by mailing a true copy of the document to respondent's
3 counsel. Petitioner must also keep the court and all parties informed of any
4 change of address.
5 SO ORDERED.
6 DATED: May 6, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Wilson, M1.osc.wpd

4