IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. WILSON, F-57598 | No. C 10-4157 CRB (PR) |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| G. SWARTHOUT, Warden, | |
| Respondent. | |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. In an order filed on May 11, 2011, the court found that the amended petition, when liberally construed, stated cognizable claims under section 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer and petitioner has filed a traverse. Having reviewed the papers and the underlying record, the court concludes that petitioner is not entitled to habeas corpus relief.

### STATEMENT OF THE CASE

A San Francisco jury convicted petitioner of first degree murder and second degree robbery. People v. Wilson, No. A116576, 2008 WL 4650412 at *2. He was sentenced to prison for twenty-five years to life. Id. He unsuccessfully appealed his conviction and sentence to the California Court of Appeal, and the Supreme Court of California denied a petition for review.

1 Petitioner then filed this habeas case. His motion to stay the case while he returned to
2 state court to exhaust additional issues was granted. The stay was lifted when petitioner filed
3 an amended petition, which the Court treated as an implied motion to lift the stay. The case
4 is now ready for disposition.

## STATEMENT OF THE FACTS

The California Court of Appeal summarized the facts of the case as follows:

> Early in the morning on July 7, 2003, a woman called the police to report suspicious behavior of two African-American men in a burgundy truck near the Safeway on Mission Street near Geneva Street in San Francisco. Moments later at approximately 5:20 a.m., while waiting for the bus on Geneva Street, Esperanza Martinez saw a red truck with two African-American occupants drive slowly past. The truck turned around, drove past her again, and then stopped just past the bus stop. Martinez testified that a man got out of the passenger side of the truck, grabbed her bag from her arms, and returned to the truck. As the truck drove away, she saw a police car approaching on Geneva Street. She thought the officers must have seen the robbery because the police car immediately began following the truck. She did not notify the police of the robbery until she arrived at her workplace.
>
> Police Officers Michael Brown and Joe Mendiola were responding to a call reporting suspicious behavior at the Safeway when they saw the burgundy truck pull quickly away from the curb and begin driving away from them. The officers followed the truck, activating their flashing overhead lights as they passed through intersections. The officers lost sight of the truck as they descended a hill, then came upon the burgundy truck crashed into an embankment. Wilson was found hanging out of the driver's side window of the wrecked truck. Lewis was found hiding in a planter box a few steps away. The dismembered body of Scot Adsit was found on the ground near the accident scene.
>
> Martinez testified that the truck in the accident was the same truck that had been involved in her robbery. She identified Wilson in a line-up as the man who took her bag.
>
> Romeo Domagas witnessed the robbery at the bus stop on Geneva. He testified that he did not see anyone come out of the truck. In a prior written statement, however, Domagas described having seen the driver exit the vehicle, approach the victim and take her bag.
>
> An investigation of the truck after the accident revealed that Lewis's DNA matched blood found on the headliner on the passenger side of the car and on the glove compartment. Based in part on this evidence, Lewis's expert opined that Wilson was the driver and Lewis the passenger. The prosecutor presented expert testimony tending to prove that Lewis was the driver. The police officer who investigated the accident testified that the passenger-side door could not have been opened after the collision. He also explained that because the collision occurred on the front passenger side of the truck, if the driver was not wearing a seatbelt he would have moved first in the direction of the force, in this case to the front right side of the truck, then rebounded back

into the driver's seat. Another witness testified that based on the position of the truck after the collision, with the passenger side suspended at a 45 degree angle in the air, the easiest way to have gotten out of the truck was through the driver-side window. Based on this evidence and the victim's testimony that Wilson got out of the passenger side of the truck to rob her, the prosecutor argued that Lewis was the driver. The prosecutor argued that Lewis could not have gotten out of the passenger side door and that in exiting through the driver-side window it was highly unlikely that he climbed over Wilson, who is 6 feet 2 inches tall and weighs 225 pounds. It was far more likely that Lewis, as the driver, was able to get out through the window on his side of the car and that Wilson was attempting to follow him out the window when the officers arrived. Neither defendant testified, but in their arguments to the jury both claimed that the evidence showed the other to have been the driver of the truck.

Wilson, 2008 WL 4650412 at *1.

## DISCUSSION

**A.     Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes

3

in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412. Circuit law may be "persuasive authority" for purposes of determining whether a state court decision was unreasonable, but only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied. Id.

## B. Claims & Analysis

Petitioner raises three claims in his amended petition, that: (1) The trial court erred in failing to instruct the jury on second degree murder; (2) trial counsel was ineffective in failing to investigate third-party culpability evidence; and (3) that appellate counsel was ineffective in failing to claim on appeal that trial counsel was ineffective.

### 1. Failure to Instruct on Second Degree Murder

Petitioner asserts that his due process rights were violated when the trial court failed to instruct the jury on second degree murder.

The court of appeal set out the context of this claim, which was raised on direct appeal:

> The information in this case alleges that the defendants violated section 187 in that they "did wilfully, unlawfully and with malice aforethought murder Scott Adsit, a human being." Although the information refers only to murder that is malice-based, this standard form of allegation is sufficient to charge murder that is first degree because occurring in the perpetration of one of the felonies enumerated in section 189, which includes robbery. (People v. Scott (1991) 229 Cal. App. 3d 707, 714.) Although there may have been some uncertainty during the course of the trial whether the prosecution intended to request that the jury be instructed on malice-based murder, from the outset there was no question but that the prosecution did intend to seek felony murder instructions.
>
> Following the close of evidence, the parties and the judge conferred

4

regarding jury instructions. The prosecutor requested a murder instruction based only on the theory of felony murder and initially took the position that the court was not required to instruct on second degree malice-based murder because it would not instruct on first degree malice-based murder. Subsequently, however, the prosecutor agreed with defendants and the trial court that an instruction on second degree murder was required as a lesser included offense of murder as alleged in the information, if supported by the evidence. The parties also agreed that if the court were required to give an instruction on second degree murder, it would also be required to give instructions on the lesser included offenses of manslaughter.

Lewis's attorney argued that the evidence was insufficient to support second degree murder so that the second degree murder instruction should not be given. Wilson's attorney disagreed. He argued, "I think the case was expressly tried on both felony murder and malice murder. And it's my position that I want ... murder instructions, and that I would be severely prejudiced if you didn't g[ive] malice murder instructions. And I have tried the case on the assumption, frankly, that we would." The trial court and the prosecutor both agreed with Lewis. Subsequently, Wilson's attorney moved for a mistrial. He argued, "What we have here is a case that was tried, essentially, on one set of theories and is now being instructed on another set of theories. It's my position that that's prejudicial to the defendant. [¶] It's nobody's fault, but the fact is that the jury instructions are going to bear very little resemblance to the issues that were actually litigated in the trial." The court denied the motion. The judge explained that while "the prosecution initially intended to proceed on the implied malice theory ... [a]fter all the evidence was presented, I think the prosecution recognized that there wasn't enough evidence there to warrant such a theory."

Wilson, 2008 WL 4650412 at *2.

Petitioner contends that the trial court should have given an instruction on second degree murder. A state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceedings, Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir. 1988), but due process requires that "'criminal defendants be afforded a meaningful opportunity to present a complete defense.'" Clark v. Brown, 450 F.3d 898, 904 (9th Cir. 2006) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)). A criminal defendant therefore is entitled to adequate instructions on the defense theory of the case, Conde v. Henry, 198 F.3d 734, 739 (9th Cir. 2000), but only "if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant," United States v. Boulware, 558 F.3d 971, 974 (9th Cir. 2009) (internal quotations omitted).

The court of appeal held that second degree murder is not a lesser-included offense of

5

felony murder.[1] Wilson, 2008 WL 4650412 at *3. That holding is binding on this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus). To the extent petitioner contends he was entitled to the instruction on the theory that second degree murder is a lesser included offense of felony murder, that theory was not legally cognizable and due process did not require that such an instruction be given.

The court of appeal also held that under California law a prosecutor is entitled to choose to present the jury with an "all or nothing" choice of a greater offense or "not guilty." Wilson, 2008 WL 4650412 at *4. In the face of such a decision by the prosecutor, a defendant is not entitled to an instruction on a lesser related offense, such as, in this case, second degree murder. Id. That holding being binding on this court, petitioner's contention that he had a due process right to the instruction because it was part of the defense theory of the case is incorrect, because that theory was not legally cognizable. There was no due process violation.

### 2. Ineffective Assistance of Trial Counsel

Petitioner contends that his trial counsel was ineffective in that he failed to adequately investigate possible witnesses.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970). And, in Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth the standard, a two-pronged test, for evaluating claims for ineffective assistance of counsel. First, petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness"

---

[1] The failure of a state trial court to instruct on lesser-included offenses in a non-capital case does not present a federal constitutional claim, but "the defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule," Solis v. Garcia, 219 F.3d 922, 929 (9th Cir. 2000).

under prevailing professional norms, id. at 687–88, "not whether it deviated from best practices or most common custom," Harrington v. Richter, 131 S. Ct. 770, 788 (2004) (citing Strickland, 466 U.S. at 690). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Id. at 787 (quoting Strickland, 466 U.S. at 689). When considering an ineffective assistance claim in a habeas case, federal courts must apply a "doubly" deferential standard. Cullen v. Pinholster, 131 S. Ct. 1388, 1410-11 (2011); Harrington, 131 S. Ct. at 788 (same); Premo v. Moore, 131 S. Ct. 733, 740 (2011) (same). When § 2254(d) applies, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S. Ct. at 788.

If a petitioner cannot establish that defense counsel's performance was deficient, it is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland test. See Siripongs v. Calderon, 133 F.3d 732, 737 (9th Cir. 1998). And a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. See Strickland, 466 U.S. at 697; Williams v. Calderon, 52 F.3d 1465, 1470 & n.3 (9th Cir. 1995) (applauding district court's refusal to consider whether counsel's conduct was deficient after determining that petitioner could not establish prejudice).

Strickland's second prong requires a showing "that counsel's errors were so serious as to deprive [petitioner] of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice under Strickland, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694-95.

Petitioner's claim is that counsel should have conducted further investigation of the possibility that someone named Michael Powell had been in the truck. This is based on the testimony of a police officer at a pretrial evidentiary hearing that confidential informants had

7

told him that "Michael Powell" was with petitioner and his co-defendant Lewis before the accident. Pet., Ex. B at 341-43. The informants did not specify how long before the accident this was. Id.

A defense attorney has a general duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. See Strickland, 466 U.S. at 691; Cullen, 131 S. Ct. 1407; Turner, 158 F.3d at 456. Strickland directs that "'a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" Silva v. Woodford, 279 F.3d 825, 836 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 691). Counsel need not pursue an investigation that would be fruitless or might be harmful to the defense. See Harrington, 131 S. Ct. at 789-90.

Here, petitioner has utterly failed to provide any explanation what useful information or evidence could have been turned up with further investigation. Indeed, he does not even provide any evidence that counsel did not conduct the investigation for which he asks. A defendant's mere speculation that a witness might have given helpful information if interviewed is not enough to establish ineffective assistance. See Bragg v. Galaza, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001); Ortiz v. Stewart, 149 F.3d 923, 933 (9th Cir. 1998) (ineffective assistance claim lacks merit when petitioner fails to specify what further investigation would uncover); Ceja v. Stewart, 97 F.3d 1246, 1255 (9th Cir. 1996) (claim fails without further explanation of what compelling evidence additional investigation would have turned up). Petitioner thus has failed to carry his burden to show prejudice. This claim is without merit. See Strickland, 466 U.S. at 697 (court may consider prejudice first).

### 3. Ineffective Assistance of Appellate Counsel

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in Strickland. Smith v. Robbins, 528 U.S. 259,

285 (2000); Moormann v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010). First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. Smith, 528 U.S. at 285; Moormann, 628 F.3d at 1106. Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. Smith, 528 U.S. at 285-86; Moormann, 628 F.3d at 1106.

It is important to note that appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. Jones v. Barnes, 463 U.S. 745, 751-54 (1983); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. Gerlaugh, 129 F.3d at 1434. Appellate counsel therefore will frequently remain above an objective standard of competence and have caused his client no prejudice for the same reason--because he declined to raise a weak issue. Id.

For the reasons discussed in the section above, trial counsel was not ineffective in failing to investigate Michael Powell. Appellate counsel's failure to raise that claim, therefore, was neither deficient performance nor prejudicial. This claim is without merit.

## CONCLUSION

For the reasons set out above, the petition is DENIED.

A certificate of appealability is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: June 1, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.10\Wilson, M1.deny-gaw.wpd